**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STEVEN J. JOLES,
EVERETT C. LEWIS, III, and
THOMAS DOBBING
v.

C.A. No.

COMPUTER SCIENCES CORPORATION

CA 08 166 ML

# COMPLAINT

## GENERAL ALLEGATIONS

1. Plaintiff Steven J. Joles is a citizen and resident of Warwick, Rhode Island.
2. Plaintiff Everett C. Lewis, III is a citizen and resident of Warwick, Rhode Island.
3. Plaintiff Thomas Dobbing is a citizen and resident of Cranston, Rhode Island.
4. Defendant Computer Sciences Corporation, upon information and belief, is a foreign business Corporation, organized under the laws of the state of Nevada with a principal place of business in the state of California.
5. Defendant Computer Sciences Corporation is actively registered to do business in the state of Rhode Island, and maintains a registered agent therein.
6. At all relevant times, the Defendant was engaged in the business of providing computer consulting, computer programming, and like services; in connection with this business the Defendant engaged in the installation, improvement, and maintenance of instrumentalities of interstate commerce.
7. At all relevant times, Defendant employed the Plaintiffs in various occupations in connection with the business of the Defendant. During the course of such employment,

Plaintiffs engaged in the maintenance, improvement, and repair of instrumentalities of interstate commerce.

## JURISDICTION AND VENUE

8. Jurisdiction before this Court is proper under 28 U.S.C. § 1331; 28 U.S.C. 1337; 28 U.S.C. 1367; and 29 U.S.C. § 216(b).
9. Venue in this Court is proper under 28 U.S.C. § 1391(b) in that a substantial part of the claim under 29 U.S.C. § 207 occurred in this district.
10. Venue in this Court is also proper under 28 U.S.C. § 1391(c) in that the Defendant was a resident of this district for the purposes of venue because at all relevant times the Defendant was subject to personal jurisdiction in this district.

## COUNT I
## Failure to Pay Overtime
## as Required by the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)

1. Plaintiffs hereby incorporate Paragraphs 1 through 10 of the Complaint as if fully set forth and at length herein.
2. During the period of time from January 1, 2005 to August 25, 2006, Defendant employed Plaintiff Steven J. Joles, for many workweeks longer than 40 hours, and failed and refused to compensate the Plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 7(a) of 29 U.S.C. § 207(a).
3. During the period of time from January 2, 2006 to September 30, 2006, Defendant employed Plaintiff Everett C. Lewis, III, for many workweeks longer than 40 hours, and failed and refused to compensate the Plaintiff for such work in excess of 40 hours at rates

not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 7(a) of 29 U.S.C. § 207(a).

4. During the period of time from January 1, 2005 to June 8, 2007, Defendant employed Plaintiff Thomas Dobbing, for many workweeks longer than 40 hours, and failed and refused to compensate the Plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 7(a) of 29 U.S.C. § 207(a).

5. By reason of the foregoing, Plaintiffs seek an award of damages equal to the amount of unpaid overtime compensation owed.

6. By reason of the foregoing, Plaintiffs seek an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation owed.

7. By reason of Defendant's refusal to pay the overtime due Plaintiffs, it has been necessary for Plaintiffs to employ attorneys to prosecute this cause for them. Accordingly, Plaintiffs seek an award of a reasonable amount for attorneys fees and costs.

8. WHEREFORE, Plaintiffs request judgment in their favor, along with an award of damages for lost overtime compensation, liquidated damages, reasonable attorneys fees and court costs, and any other relief that this Court deems just and proper.

## COUNT II

## Failure to Pay Overtime as Required by the Rhode Island Minimum Wage Act (R.I. Gen. Laws § 28-12-1 et seq.)

1. Plaintiffs hereby incorporate Paragraphs 1 through 10 of the Complaint as if fully set forth and at length herein.

2. During the period of time from January 1, 2005 to August 25, 2006, Defendant employed Plaintiff Steven J. Joles, for many workweeks longer than 40 hours, and failed and

refused to compensate the Plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of R.I. Gen. Laws § 28-12-4.1(a)

3. During the period of time from January 2, 2006 to September 30, 2006, Defendant employed Plaintiff Everett C. Lewis, III, for many workweeks longer than 40 hours, and failed and refused to compensate the Plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of R.I. Gen. Laws § 28-12-4.1(a)

4. During the period of time from January 1, 2005 to June 8,2007, Defendant employed Plaintiff Thomas Dobbing, for many workweeks longer than 40 hours, and failed and refused to compensate the Plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of R.I. Gen. Laws § 28-12-4.1(a).

5. WHEREFORE, Plaintiffs request judgment in their favor, along with an award of damages for lost overtime compensation, and any other relief this court may deem just and proper.

## JURY DEMAND

**Plaintiffs demand trial by jury. Michael R. De Luca, R.I. Bar #3663, is designated trial counsel.**

Plaintiffs,
By their attorneys,

Michael R. DeLuca (#3663)
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304