**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEVEN J. JOLES, EVERETT C. LEWIS, III, and THOMAS DOBBING,** **Plaintiffs,** | : | **C.A. No.: 08-166ML** |
| **- against -** | : | **ANSWER OF DEFENDANT** |
| **COMPUTER SCIENCES CORPORATION,** **Defendant.** | : | |

Defendant Computer Sciences Corporation ("Defendant"), by and through its attorneys, Jackson Lewis LLP, for its Answer to the Complaint herein states as follows:

**AS TO THE "GENERAL ALLEGATIONS"**

1. Upon information and belief, Defendant admits Paragraph 1 of the Complaint.

2. Upon information and belief, Defendant admits Paragraph 2 of the Complaint.

3. Upon information and belief, Defendant admits Paragraph 3 of the Complaint.

4. Defendant admits Paragraph 4 of the Complaint.

5. Defendant admits Paragraph 5 of the Complaint.

6. Defendant admits Paragraph 6 of the Complaint to the extent that CSC is engaged in interstate commerce.

7. Defendant admits Paragraph 7 of the Complaint, and admits that Plaintiffs were engage in interstate commerce.

**AS TO "JURISDICTION AND VENUE"**

8. Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint, except admits that Plaintiffs purport to invoke this Honorable Court's jurisdiction.

9. Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint, except admits that Plaintiffs purport to invoke this Honorable Court's jurisdiction.

10. Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint, except admits that Plaintiffs purport to invoke this Honorable Court's jurisdiction.

**AS TO COUNT I**

1. Defendant repeats and realleges its responses to Paragraphs 1 through 10 inclusive of the Complaint as though fully set forth here in response to Paragraph 1 of Count I of the Complaint.

2. Defendant denies each and every allegation set forth in Paragraph 2 of Count I of the Complaint, and further avers that Plaintiff Joles was an exempt employee and not subject to overtime compensation under federal law.

3. Defendant denies each and every allegation set forth in Paragraph 3 of Count I of the Complaint, and further avers that Plaintiff Lewis was an exempt employee and not subject to overtime compensation under federal law.

4. Defendant denies each and every allegation set forth in Paragraph 4 of Count I of the Complaint, and further avers that Plaintiff Dobbins was an exempt employee and not subject to overtime compensation under federal law.

5. Defendant denies each and every allegation set forth in Paragraph 5 of Count I of the Complaint.

6. Defendant denies each and every allegation set forth in Paragraph 6 of Count I of the Complaint.

7. Defendant denies each and every allegation set forth in Paragraph 7 of Count I of the Complaint.

8. **WHEREFORE**, Defendant respectfully requests a judgment dismissing Plaintiffs' complaint, along with an assessment of costs and any other relief this Honorable Court may deem just and proper.

## AS TO COUNT II

1. Defendant repeats and realleges its responses to Paragraphs 1 through 10 inclusive of the Complaint as though fully set forth here in response to Paragraph 1 of Count II of the Complaint.

2. Defendant denies each and every allegation set forth in Paragraph 2 of Count II of the Complaint, and further avers that Plaintiff Joles was an exempt employee and not subject to overtime compensation under state law.

3. Defendant denies each and every allegation set forth in Paragraph 3 of Count II of the Complaint, and further avers that Plaintiff Lewis was an exempt employee and not subject to overtime compensation under state law.

4. Defendant denies each and every allegation set forth in Paragraph 4 of Count II of the Complaint, and further avers that Plaintiff Dobbins was an exempt employee and not subject to overtime compensation under state law.

5. **WHEREFORE**, Defendant respectfully requests a judgment dismissing Plaintiffs' complaint, along with an assessment of costs and any other relief this Honorable Court may deem just and proper.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiffs under any federal, state or local laws, rules, regulations or guidelines.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

There is no private right of action under the Rhode Island General Laws for an alleged failure to pay wages or overtime.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs were exempt from the overtime provisions of the Fair Labor Standards Act and/or any equivalent Rhode Island state law.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Without admitting that Plaintiffs were subject to the overtime provisions of the FLSA or any equivalent Rhode Island state law, Plaintiffs were paid properly under all applicable wage and hour laws.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Defendant has fully compensated Plaintiffs for all the work they performed.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

Any act or omission on the part of Defendant was in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or interpretations of the U.S. Department of Labor and, therefore, some or all of the Complaint is barred.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs are entitled to any back pay, the compensation Defendant paid for constituted compensation for all hours worked, and not just for the first forty hours.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a set-off with respect to Plaintiffs for monies paid for any hours when they were not working.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for premium pay may not be maintained as Plaintiffs were paid wages in excess of those required under applicable regulations of the Rhode Island Department of Labor and Training.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Rhode Island Minimum Wage Act claim should be dismissed because the statute does not provide a private right of action for non-whistleblower claims.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs'' Complaint fails to state a claim upon which prejudgment interest and postjudgment interest, or liquidated damages or attorney's fees may be awarded.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Any act or omission on the part of Defendant was in good faith, and Defendant had reasonable grounds for believing that any such act or omission was not a violation of the FLSA or Rhode Island law.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves all other defenses available under the Fair Labor Standards Act and the Rhode Island General Laws.

**AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the doctrine of Payment.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the doctrine of Release and Accord and Satisfaction.

**AS AND FOR A EIGHTEENFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate any damages they may have suffered.

***(Continued on Next Page)***

**WHEREFORE**, Defendant respectfully requests that this Court:

a) Dismiss Plaintiffs' Complaint in its entirety and all claims for relief set forth therein, with prejudice;

b) Deny each and every demand for relief as set forth in Plaintiffs' Complaint;

c) Grant such other and further relief as this Court deems appropriate; and any and all other damages, together with interest, incurred by Defendant in defending against this baseless and frivolous action.

Respectfully submitted,

JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

*and*

One North Broadway, Suite 1502
White Plains, New York 10601
Telephone: (914) 328-0404

By:______/s/ Anthony J. DiOrio (#3419)____

ATTORNEYS FOR DEFENDANT COMPUTER SCIENCES CORPORATION

Dated: June 10, 2008
Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STEVEN J. JOLES, EVERETT C. LEWIS, III, and THOMAS DOBBING,** | |
| **Plaintiffs,** | **C.A. No.: 08-166ML** |
| **- against -** | **CERTIFICATE OF SERVICE** |
| **COMPUTER SCIENCES CORPORATION,** | |
| **Defendant.** | |

The undersigned hereby certifies that Defendant's Answer to Plaintiff's Complaint has been filed electronically and that it is available for viewing and downloading from the ECF system, this 10th day of June, 2008.

/s/ Anthony J. DiOrio (#3419)